IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01056-LTB-MEH

CHARLES JENNINGS,

    Plaintiff,

vs.

A-1 TRAFFIC CONTROL & BARRICADE, INC., and
SHORT- ELLIOTT-HENDRICKSON, INC.,

    Defendants.
_____

**ORDER ON DEFENDANT'S MOTION FOR LEAVE TO AMEND
NONPARTY DESIGNATION**
_____

**I.     Background**

Plaintiff alleges that on June 13, 2003, he was flagging traffic on Highway 40 in Grand County, Colorado, when he was struck by a motor vehicle. Plaintiff alleges that the Defendant failed to exercise reasonable care in providing traffic safety services for the highway maintenance project on which Plaintiff was working.

Defendant Short- Elliott-Hendrickson, Inc. (SEH), as successor to Range Engineering, Inc., has moved for leave to amend its designation of nonparties at fault (Docket #42) to include Plaintiff's employer, United Rentals Highway Technologies, Inc. ("United Rentals") as a person potentially responsible for Plaintiff's alleged damages. Plaintiff opposes the motion, contending that (1) because United Rentals, as a statutory employer, is immune from Plaintiff's tort action by operation of the worker's compensation law, SEH cannot, as a matter of law, designate United Rentals as a nonparty at fault, and (2) SEH fails to establish good cause for this belated nonparty designation.

The matter is briefed and has been referred to this Court (Docket #44). Oral argument would not materially assist the Court in adjudicating the motion. For the reasons stated below, the Court **grants** the Defendant's motion.

## II.     Discussion

### A.     Statutory Immunity from Suit

The question arises whether Defendant may designate a nonparty against whom Plaintiff could not recover damages in this negligence suit.[1] Under the facts presented in this case, the Court finds that Defendant may.

It is true that Plaintiff cannot recover damages from United Rentals. However, in a case precisely on point, *Inland/Riggle Oil Co. v. Painter*, 925 P.2d 1083 (Colo. 1996) (en banc), the Colorado Supreme Court permitted the designation of an employer as a responsible nonparty, despite the employer's immunity from suit under the worker's compensation statute. The court reasoned that any other reading of the law would frustrate the Colorado legislature's establishment of the "equitable principle that a person or entity whose negligence does not exceed 50 percent of the

---

[1] Plaintiff's employer is statutorily immune from any tort action by Plaintiff:

> We have previously described workers' compensation as having a primary purpose of providing a remedy for job-related injuries, without regard to fault. *Finlay v. Storage Tech. Corp.,* 764 P.2d 62, 63 (Colo.1988); *see Frohlick Crane Service, Inc. v. Mack,* 182 Colo. 34, 38, 510 P.2d 891, 893 (1973). The statutory scheme was designed to grant an injured employee compensation from his or her employer without regard to negligence and, in return, the responsible employer would be granted immunity from common-law negligence liability. *Finlay* 764 P.2d at 63.

*Frank M. Hall & Co. v. Newsom*, 125 P.3d 444, 446 (Colo. 2005). Plaintiff alleges that Montana law would govern the application of worker's compensation law to this case. Montana law affords the same immunity to employers. *Olszewski v. BMC West Corp.*, 94 P.3d 739, 741 (Mont. 2004) ("The Workers' Compensation Act prohibits an employee from bringing suit against an employer or fellow employee for injuries sustained during the course of employment.").

combined negligence of all persons or entities whose conduct contributed to the injuries should not be prohibited from recovering damages for the injuries primarily caused by others." *Id.* at 1086. The court flatly rejected the plaintiff's argument that the employer cannot be a designated nonparty. In addition, the court also indicated that a worker's compensation claim is an "informal means" of obtaining recovery against the employer, which occurs when the employee exercises a statutory right to receive worker's compensation benefits, and therefore, an employer in these circumstances is not like a completely immune party (such as a governmental entity).

> [The] right to receive workers' compensation benefits [i]s partial compensation for his work-related injury – another basis of 'recovery' against [his employer]. The fact that [the employer] is statutorily insulated from directly liability for damages in this civil action can not obscure the fact that it was a person against whom [the plaintiff] did seek recovery pursuant to the Workers' Compensation Act.

*Id.*

Therefore, there is no prohibition under Colorado law on SEH designating Plaintiff's employer as a nonparty at fault.[1]

### B.   Good Cause for Supplementing Nonparty Designation

Plaintiff argues that Defendant knew the facts supporting a theory of liability against United

---

[1] In *Redden v. SCI Colorado Funeral Servs.*, 38 P.3d 75 (Colo. 2001) (en banc), the Colorado Supreme Court held that "[c]ourts should construe [nonparty] designation requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover." *Id.* at 80 (citing cases). The court stated, "Our statute is clear that a non-party designation is reserved for individuals or entities who might themselves be at fault and therefore liable for the injury at issue." *Id.* at 81. The Tenth Circuit reiterated this holding in *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1278 (10th Cir. 2005) (quoting *Redden*). These seemingly unambiguous statements of law were written in the context of an allegation that a defendant was attempting to designate nonparties who owed no duty of care to the plaintiff. Here, the employer did owe a duty of care, although violation of that duty is handled through the statutory worker's compensation scheme. It could be, in some cases, that a tort defendant should not designate an immune entity as a nonparty at fault, but based on the factually indistinguishable *Inland/Riggle* case, such designation is allowed here.

Rentals as long ago as mid-2005 and certainly by the time SEH filed its first designation of nonparties on November 7, 2005. Therefore, Plaintiff argues, Defendant has not been diligent in designating nonparties and cannot establish good cause here. Defendant contends that it did indeed have prior knowledge of United Rentals' responsibilities on the highway maintenance project, but it was only during discovery that it learned of facts sufficient to provide a good faith allegation that Plaintiff's employer was potentially at fault in causing Plaintiff's damages. Defendant contends that during discovery, testimony has been provided that United Rentals negligently performed its safety obligations. Prior to this testimony, any designation of United Rentals as a nonparty at fault would have been premature and flawed under the analysis in *Redden v. SCI Colorado Funeral Servs.*, 38 P.3d 75 (Colo. 2001).

Defendant's argument has merit. In *Redden*, the Colorado Supreme Court held that a nonparty designation "must go beyond bald allegation" of negligence. 38 P.3d at 81. The *Redden* court was clear that "a simple statement supporting only 'causation'" "*does not*" "satisf[y] a statutory requirement of an allegation of 'fault or negligence.'" *Id.* at 80 (emphasis added). The court held that "[a] proper non-party designation connects alleged facts with the established elements of negligence," *id.* at 81, those elements being "the existence of a duty, a breach of that duty, causation, and damages." *Id.* at 80. Therefore, a defendant must be able to assert, in compliance with Fed. R. Civ. P. 11, all the elements of negligence in its designation of nonparties. The Court does not fault Defendant for not designating United Rentals until it was able to satisfy all four elements of an allegation of negligence. Therefore, the Court finds that, pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), a longer period for designating United Rentals was necessary, and that the designation otherwise meets the requirements of the statute.

III.    **Conclusion**

For the foregoing reasons, Defendant's Motion for Leave to Amend Nonparty Designation (Docket # 42) is **granted.**

Dated at Denver, Colorado, this 12th day of April, 2006.

                                   BY THE COURT:

                                   s/ Michael E. Hegarty
                                   Michael E. Hegarty
                                   United States Magistrate Judge