**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE LEWIS T. BABCOCK**

Civil Case No. 05-cv-1056-LTB-MEH

CHARLES JENNINGS,

     Plaintiff,

v.

A-1 TRAFFIC CONTROL & BARRICADE, INC., a Colorado Corporation, and
SHORT-ELLIOTT-HENDRICKSON, INC., a foreign corporation,

     Defendants.
_____

**Order**
_____

     Defendant Short-Elliott-Hendrickson, Inc., ("SEH"), moves to dismiss claims by plaintiff Charles Jennings ("Jennings") for failure to obtain a mandatory certificate of review before filing this claim. Jennings opposes this motion, and moves for acceptance of a late filing of a certificate of review. For the reasons stated below, SEH's motion is DENIED and Jennings' motion is GRANTED.

### I.  BACKGROUND

     This claim arises from a highway accident June 13, 2003. Jennings, a Montana resident, was working for United Rentals Highway Technology ("United"), which was performing highway maintenance on Highway 40 in Colorado.  SEH was a contractor to the State of Colorado, providing construction and management services for pavement markings. (Jennings originally brought this claim against Dean Peterson, individually and d/b/a Range Engineering. Since the filing of this suit SEH merged with Range and the parties have stipulated that SEH, as successor to Range is the appropriate party-defendant as Peterson's employer.) On June 13, 2003, Jennings

was struck by a vehicle while flagging traffic around the construction site on Highway 40, as part of his duties for United. On June 10, 2005 Jennings brought claims for negligence and third party beneficiary breach of contract against both defendants. On December 28, 2005 SEH moved to dismiss for failure to file a certificate of review within sixty days as required by Col. Rev. Stat. § 13-20-602. On January 31, 2006 Jennings moved for acceptance of a late certificate of review.

## II. DISCUSSION

SEH moves to dismiss this claim for Jennings' failure to comply with Col. Rev. Stat. § 13-20-602. This law requires plaintiffs suing professionals to obtain a certificate of review by a licensed professional with expertise in the area of alleged negligent conduct stating that the claim "does not lack substantial justification." Col. Rev. Stat. § 13-20-602(3)(a)(II). This certificate of review is necessary in suits against professionals where "expert testimony would be required to establish a prima facie case." Col. Rev. Stat. § 13-20-601. Failure to provide such a certificate within 60 days of filing a complaint "shall result in the dismissal of the complaint." Col. Rev. Stat. § 13-20-602(4).

Jennings does not dispute that he failed to file such a certificate within 60 days of filing this suit. Rather, he argues that this suit does not require a certificate because the negligence he alleges is not professional negligence requiring expert testimony. Jennings asserts that SEH's liability stems from its failure to provide traffic management protection at the work site. Jennings contends that SEH did not provide a safety truck at the site where Jennings worked, when SEH did provide a truck at its other site that day. Jennings argues that determining liability under these facts does not require expert testimony, and so does not require a certificate of review.

This argument is unpersuasive because it presumes that SEH's liability lies exclusively in its failure to warn site workers that a necessary traffic control truck was not present. But Jennings' Complaint, and the Statement of Claims and Defenses, paints SEH's liability with a far broader brush. Jennings' tort claim alleges that defendants owed a duty to Jennings to "exercise reasonable care in providing services for the highway maintenance project and traffic safety" and that defendants "failed to provide adequate and appropriate traffic control procedures for the highway project," which includes "the failure to establish and maintain a 'traffic control plan' and the failure to ensure compliance with the Manual on Uniform Traffic Control Devices at the project site." (Compl. ¶¶ 11, 12).

Jennings' contract claim specifies in even greater detail his theory of the defendants' alleged breach of duties, describing defendants' breaches of contract as including:

> "a) failure to ensure compliance with the Manual on Uniform Traffic Control Devices at the project site, including Part VI of the Manual on Uniform Traffic Control Devices;
> b) failure to comply with all applicable federal, state and local laws governing safety;
> c) failure to provide all safeguards, safety devices and protective equipment to highway workers;
> d) failure to take actions reasonably necessary to protect the life and health of persons working at the site of the project;
> e) failure to establish and maintain a "traffic control plan" at the site of the project;
> f) failure to adequately train all persons responsible for the development, design, implementation and inspection of traffic control procedures."

(Complaint at ¶ 16.)

Similarly, the Statement of Claims and Defenses does not limit Jennings' claim to the narrow and specific charge that SEH failed to provide a traffic vehicle. Rather, it describes Jennings' claim as SEH's failure "to exercise reasonable care in providing traffic safety services for a highway

maintenance project on which Plaintiff was working."

Determining liability will involve more than the simple question of whether SEH was required to provide a truck and did in fact provide a truck. It will require assessing the complete scope and extent of its safety management duties, and whether or not it fulfilled these duties. This determination will in turn require probing "federal, state and local laws governing safety," assessing the requirements of a "traffic control plan," and understanding the scope and meaning of Manual on Uniform Traffic Control Devices and to what degree SEH's actions complied with this Manual. These inquiries will necessarily require expert testimony. Jennings own broader definition of SEH's potential liability places it squarely within the scope of activity requiring a certificate of review.

Jennings argues as well that while SEH may be a professional engineering firm doing engineering work, its safety management duties at the work site did not constitute engineering work, and so are not covered by Col. Rev. Stat. § 13-20-602. Jennings bases this argument on the absence of language in SEH's contract describing an "engineering duty" for safety management.

This argument is meritless. SEH denies that it had any responsibility for traffic safety, and its contract contains no language suggesting it does. To support his argument, Jennings requires me to accept first, that SEH was responsible for safety management at the site and second, that this responsibility, unlike the other work specified in the contract, falls outside of its duties as a professional engineer. This argument is contradicted by Jennings' own claims that SEH failed to follow applicable law and relevant safety manuals. I do not consider the absence of evidence of a duty to ensure safety to be affirmative evidence that such a duty exists and that it falls outside of the ambit of SEH's professional obligations.

Jennings argues, in a supplemental response, that deposition testimony of SEH Project Engineer Harry Sabin shows that SEH did not perform engineering work on this contract and so SEH cannot be subject to the provisions of Col. Rev. Stat. § 13-20-602. I note that Jennings filed this response after these motions were fully briefed. Jennings did not request permission to file this supplementary response, and it is not authorized under Fed. R.Civ.P. 15(a) or D.C.COLO.LCivR 7.1(c), so I am under no obligation to consider it.

Even were I to consider this argument, it does not establish that SEH did not engage in engineering work. Sabin testifies that he supervised and inspected the pavement-marking work. Colorado state law specifies that the "practice of engineering" includes "the observation of construction to evaluate compliance with plans and specifications." Col. Rev. Stat. § 12-25-102(10). Nothing in Sabin's testimony alters my conclusion that this case is subject to the provisions of Col. Rev. Stat. § 13-20-602.

Even though I have found that this lawsuit requires a certificate of review, and that Jennings did not file one within sixty days, I still may excuse his late filing for "good cause." Col. Rev. Stat. § 13-20-602(1)(a). Finding good cause is "within the sound discretion of the trial court." *Williams v. Boyle,* 72 P.3d 392, 396 (Colo. Ct. App. 2003). In defining good cause in this statute, Colorado courts rely on the criteria used in setting aside a default judgment under C.R.C.P. 55(c) or for setting aside a judgment under C.R.C.P. 60(b). *Hane ex rel. Jabalera v. Tubman,* 899 P.2d 332, 334-335 (Colo. Ct. App. 1995). Under this standard, the goal of resolving the issue of good cause is "to promote substantial justice." *Id.* Three criteria are important in this analysis: whether the neglect that resulted in late filing was excusable, whether the plaintiff has a meritorious claim and whether there will be prejudice to the defendant. *Id.* citing

5

*Craig v. Rider*, 651 P.2d 397, 402 (Colo. 1982). Colorado courts disfavor default judgments and favor resolutions of disputes on the merits. *Craig,* 651 P.2d at 402-403. Motions to set aside default judgments "should be liberally construed in favor of the movant, especially when the motion is promptly made." *Id.* The Colorado Court of Appeals has adopted this standard to disputes regarding certificates of review. *Hane*, 899 P.2d at 334-335.

Applying this framework, I conclude that Jennings has shown good cause sufficient to justify the late filing of its certificate of review. SEH filed this certificate within a few weeks of the filing of the motion to dismiss. The certificate was filed based on initial disclosures and prior to discovery, which does not end until June 30, 2006. The Complaint and Scheduling Order puts SEH on notice of the nature of the claim, and the filing of the certificate shows that Jennings claim is not without merit. While I do not find Jennings' reasons for the delay in filing this certificate particularly persuasive, since Jennings had sufficient documentation to be aware of the need for this certificate prior to filing suit, I do not believe substantial justice will be served by dismissing this claim for late filing of the certificate of review.

Therefore, it is so ordered that,

1) Jennings' motion to File a Delayed Certificate of Review (Docket #30) is GRANTED; and

2) SEH's motion to Dismiss for Failure to File a Certificate of Review (Docket # 17) is DENIED.

**DONE and ORDERED,** this ___15th___ day of May, 2006 at Denver, Colorado.

                                               s/Lewis T. Babcock
                                               United States District Chief Judge