IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01056-LTB-MEH

CHARLES JENNINGS,

    Plaintiff,

v.

A-1 TRAFFIC CONTROL & BARRICADE, INC., a Colorado corporation; and
SHORT-ELLIOTT-HENDRICKSON, INC., a foreign corporation,

    Defendants.

## ORDER DENYING MOTION TO COMPEL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Defendant Short-Elliott-Hendrickson, Inc. ("SEH") has filed a motion, seeking to compel production of certain documents from non-party United Rentals Highway Technologies, Inc. ("United") (Docket #109). Defendant SEH had served a Notice of Records Deposition and a Subpoena Duces Tecum upon United, in conjunction with a records deposition to be held in Billings, Montana, on March 16, 2007. Service of the notice and Subpoena Duces Tecum was made by Defendant SEH upon Mike Ryan, who was identified by Plaintiff's counsel as the person most knowledgeable on behalf of United for purposes of a Fed.R.Civ.P. 30(b)(6) deposition, at United's office in Billings, Montana. On March 16, 2007, however, no representative for United appeared for the records deposition. By documents attached to its current motion, the Defendant represents that United contends that service in this regard was improper, and therefore, they did not participate in the deposition. Defendant SEH seeks an order from this Court determining that service was proper, directing United to provide it with the documents which were subpoenaed, at the cost of United, and that additional costs be levied against United for the failure to participate in the records deposition.

The Subpoena Duces Tecum issued to the Custodian of Records for United (Docket #109-3) demonstrates that it was issued from this Court. Rule 45 of the Federal Rules of Civil Procedure, however, requires that it should have been issued from the District of Montana. *See* Fed.R.Civ.P. 45(a)(2)(B)&(C) ("A subpoena <u>must</u> issue . . . for attendance at a deposition, from the court for the district where the deposition is to be taken, [or] . . . for production, inspection, copying, testing, or sampling, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." (Emphasis added.)). Because the place of deposition, and production and inspection, in this case is outside of the judicial district of this Court, the subpoena duces tecum is improper and invalid. *See Echostar Communications Corp. v. News Corp.*, 180 F.R.D. 391, 397 (D.Colo. 1998) (quashing subpoenas that were not issued from proper district court). Therefore, this Court is without jurisdiction to enforce it. *See Kupritz v. Savannah College of Art & Design*, 155 F.R.D. 84, 88 (E.D.Pa. 1994). Accordingly, the motion shall be denied *sua sponte*.

Based on the foregoing, and the entire record here, it is hereby ORDERED that Defendant SEH's F.R.C.P. 45 Motion to Compel Production of Documents from Non-Party United [<u>Filed March 23, 2007; Docket #109</u>] is **denied.**

Dated at Denver, Colorado, this 27th day of March, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge