IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01056-LTB-MEH

CHARLES JENNINGS,

    Plaintiff,

v.

SHORT-ELLIOTT-HENDRICKSON, INC., a foreign corporation,

    Defendant.

_____

**RECOMMENDATION ON DEFENDANT'S MOTION
TO AMEND TO ALLOW AFFIRMATIVE DEFENSE**
_____

Defendant has filed a Motion to Amend Scheduling Order to Allow Filing of Amended Answer Adding Affirmative Defense [Docket #115] requesting that it be allowed to assert the affirmative defense of immunity as a statutory employer within the meaning of the Worker's Compensation Act. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matters has been referred to this Court for recommendation [Docket #118]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court recommends that the Motion to Amend be **denied**.

**I.    Facts**

This is a personal injury lawsuit brought by Plaintiff as a result of injuries he received while working on U.S. Highway 40. Defendant Short-Elliot-Hendrickson, Inc. ("SEH") contracted with the State of Colorado to stripe this section of highway. Defendant argues that it previously believed this highway was federally owned, and thus the statutory employer defense did not apply. Defendant asserts that it has recently learned this highway is owned by the State of Colorado and that, because

Defendant contracted with the state, the statutory employer defense applies to Plaintiff's claim.

In response, Plaintiff argues that Defendant cannot establish good cause for filing this motion over one year after the deadline for amendments, because Defendant does not allege this new information was learned through recent discovery. Rather, Plaintiff asserts that Defendant knew where the accident occurred and was simply mistaken about the owner of the road. Plaintiff further contends that the information supporting Defendant's proposed amendment is a matter of public record, which Defendant could have learned at any time prior to the deadline for amendment of pleadings. Plaintiff also argues that the proposed amendment is the result of undue delay and is severely prejudicial to Plaintiff, because significant discovery has taken place in this case that would otherwise be unnecessary. Plaintiff posits that the significant cost of this discovery renders Defendant's proposed amendment severely prejudicial. Finally, Plaintiff counters that the amendment is futile, based on the facts of this case.

Defendant's Reply argues that counsel had no reason to question the ownership of this highway until a deposition in March 2007, in which an employee of the Colorado Department of Transportation stated that he did not know who owned the highway. Defendant claims that before this time, Defendant had no reason to assert the statutory employer defense. Defendant also contends that it moved for this amendment as soon as it learned of the true owner of this highway and, thus, did not delay in seeking this amendment.

**II.     Discussion**

The deadline for amendment of pleadings in this case was February 28, 2006. Dock. #25, p. 5. Although other discovery deadlines were reset, this deadline has not changed. Defendant filed the instant motion on April 30, 2007. Once a deadline established the scheduling order has passed, a

party must demonstrate good cause to extend the deadline. Fed. R. Civ. P. 16(b).

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Catholic Health Initiatives Colo. v. Gross*, No. 06-1366, 2007 U.S. Dist. LEXIS, *4 (D. Colo. May 17, 2007) (citations omitted).

In this case, the Court does not believe that Defendant has established good cause for this amendment. Defendant argues, "[t]here was no reason to look for a deed when the reasonable assumption, based on the designation as a U.S. Highway, was that the site belonged tot he United States, not the State of Colorado." Dock. #147, p. 3. Defendant's reliance on this assumption is misplaced. This reasoning constitutes a lack of inquiry on the part of counsel for Defendant, not diligence. In fact, this assumption includes a fundamental flaw regarding the ownership and funding of public roads. The fact remains that the owner of this highway is a matter of public record, and Defendant made no effort to obtain this information until two years after the case was filed.

The Court also finds that the Motion is not timely under Rule 15(a). Under Rule 15(a), "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005). The important inquiry is not simply whether Defendant has delayed, but whether such delay is undue. *Minter*, 451 F.3d at

1206. Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (citation omitted). In this analysis, the Court will consider whether the proposed amendment was based on new evidence that was unavailable at the time of the original pleading. *Stanerson v. Colo. Blvd. Motors, Inc.*, No. 06-0856, 2006 U.S. Dist. LEXIS 80124 (D. Colo. Nov. 2, 2006). Here, the evidence supporting the amendment, although unknown, was not unavailable. Defendant knew which highway was at issue in this case, since the case was filed on June 10, 2005. Defendant simply failed to investigate the ownership of the highway based on a false assumption regarding the ownership and funding of state and federal highways. This failure is an inadequate explanation for the delay.

Finally, because the merits of Defendant's affirmative defense are before Judge Babcock as part of Defendant's Motion for Summary Judgment, the Court declines to address whether the amendment is futile.

## III.    Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Amend Scheduling Order to Allow Filing of Amended Answer Adding Affirmative Defense [Filed April 30, 2007; Docket #115] be **denied**. Defendant established neither good cause nor undue delay for seeking this amendment. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain

reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado, this 13th day of June, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).