### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### JUDGE LEWIS T. BABCOCK

Civil Case No. 05-cv-01056-LTB-MEH

CHARLES JENNINGS,

    Plaintiff,

v.

SHORT-ELLIOTT-HENDRICKSON, INC., a foreign corporation,

    Defendant.
_____

### ORDER
_____

    This case is before me on the recommendation of the Magistrate Judge that Defendant's "Motion to Amend Scheduling Order to Allow Filing of Amended Answer Adding Affirmative Defense" (Doc 115) requesting that it be allowed to assert the affirmative defense of immunity as a statutory employer within the Colorado Worker's Compensation Act be denied.  Defendant has filed specific written objections to the Magistrate Judge's recommendation.  Plaintiff has filed its response to the objections.  Despite Plaintiff's contention that the recommendation is reviewed pursuant to Fed.R.Civ.P. 72(a), I have nevertheless reviewed the recommendation *de novo*.

    On *de novo* review, I conclude that the Magistrate Judge was correct in determining that good cause to extend the discovery guideline was not established pursuant to Fed.R.Civ.P. 16(b).  The Magistrate Judge was also correct in his conclusion that the motion is not timely under Fed.R.Civ.P. 15(a).

Defendant for the first time in its objection to the Magistrate Judge's recommendation asserts that it is entitled to amend its answer to conform to the evidence pursuant to Fed.R.Civ.P. 15(b). First, this argument was waived for failure to assert it before the Magistrate Judge. And, while Rule 15(b) applies to defenses, *see Wright, Miller & Kane*, Vol. 6A, § 1492, Fed.R.Civ.P. 15(b) does not apply in the circumstances here.

> "Subdivision (b) describes two procedures for what commonly are referred to as amendments to conform to the evidence. Technically, only the first of these really fits that description. It is set forth in the first sentence of Rule 15(b), which provides that when an issue not embraced by the pleadings is <u>tried</u> with the express or implied consent of the parties, it is to be treated in all respects as if it had been raised by the pleadings. The second procedure described in Rule 15(b) authorizes the court to permit the pleadings to be amended when evidence is objected to <u>at trial</u> as not being within the framework of the pleadings."

*Wright, Miller & Kane*, Vol. 6B, § 1491 (emphasis added). Here there has been no trial, Plaintiff has not consented expressly or impliedly to the inclusion of the proposed affirmative defense and amendment at this time would be prejudicial to the Plaintiff.

Accordingly

IT IS ORDERED that the Defendant's objections to the Magistrate Judge's recommendation are DENIED and Defendant's motion (Doc 115) is DENIED.

BY THE COURT:

  s/Lewis T. Babcock  
Lewis T. Babcock, Judge

DATED:  July 6, 2007