IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01056-LTB-MEH

CHARLES JENNINGS,

    Plaintiff,

v.

SHORT-ELLIOTT-HENDRICKSON, INC.,

    Defendant.

## ORDER ON UNITED RENTALS, INC.'S MOTION FOR PROTECTIVE ORDER

United Rentals, Inc. ("URI"), a designated non-party at fault in this matter, has filed a Motion for Protective Order [Docket #148] requesting that the Court "not permit the discovery requested by Defendant," which includes "confidential employment records and confidential commercial information of URI and its employees." The matter is briefed and has been referred to this Court [Docket #151]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies without prejudice** the Motion for Protective Order.

In its Motion, URI objects to the production of documents requested by subpoena *duces tecum*, which was served on URI on April 4, 2007. URI's objections stem from its argument that the requested documents are private, confidential and/or privileged. Motion at ¶¶ 2, 5, 6, 7, 8. Fed. R. Civ. P. 45(c)(3)(A) provides that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies . . . ." Consequently, URI's Motion is effectively a Motion to Quash Subpoena under Fed. R. Civ. P. 45(c), and is untimely pursuant to Fed. R. Civ. P. 45(c)(2)(B) (providing that a person commanded to produce documents "may, within 14 days after service of the

subpoena . . . serve upon the party or attorney designated in the subpoena written objection" to production). *See also Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990) (affirming denial of a Motion for Protective Order based upon the timing requirements of former Fed. R. Civ. P. 45(d)(1)).

Nevertheless, URI's Motion must be denied without prejudice in that the subpoena at issue in this matter was issued by the United States District Court for the District of Montana. Pursuant to Fed. R. Civ. P. 45(c)(3)(A), only "*the court by which a subpoena was issued*" may quash or modify a subpoena (emphasis added). Subpoenas issued under Rule 45 "constitute process of the issuing court, and are enforced by that same court." *In re Matter of Certain Complaints under Investigation*, 783 F.2d 1488, 1495 (11th Cir.), *cert. denied*, 477 U.S. 904 (1986). Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court. *See In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991). Consequently, pursuant to Fed. R. Civ. P. 45, this Court lacks jurisdiction to consider URI's Motion for Protective Order.

It is hereby ORDERED that United Rental Inc.'s Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c) [Filed June 11, 2007; Docket #148] is **denied without prejudice**.

Dated at Denver, Colorado, this 10th day of July, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge